UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>MIRABILIS VENTURES, INC.<br><br>Debtor. | Case No.: 6:08-bi-04327-KSJ<br><br>Chapter 11 |
| MIRABILIS VENTURES, INC.,<br><br>Plaintiff<br><br>v.<br><br>BUCHANAN INGERSOLL & ROONEY PC; SAXON, GILMORE, CARRAWAY, GIBBONS, LASH & WILCOX, P.A. and HANS C. BEYER,<br><br>Defendants. | Adv. Proceeding No.: 6:08-ap-00227-KSJ |

## AFFIDAVIT OF JOHN R. LEATHERS

STATE OF PENNSYLVANIA
COUNTY OF ALLEGHENY

Before me, the undersigned authority, appeared John R. Leathers who, upon being sworn, deposes and states as follows:

1. My name is John R. Leathers and I am over the age of 18 and make this affidavit based on my own personal knowledge of the facts contained herein.

2. I am a shareholder with Buchanan Ingersoll & Rooney PC ("Buchanan") and I serve as the firm's General Counsel. I have been a practicing lawyer for over 37 years and am licensed to practice law in the states of Kentucky, New Mexico (inactive status), and Pennsylvania; four United States District Courts; two United States Courts of Appeals; the United States Tax Court and the United States Supreme Court.

1

3. I have reviewed the complaint filed by Mirabilis Ventures, Inc. ("Mirabilis") against Buchanan and Hans C. Beyer, a former Buchanan lawyer and shareholder, and Mr. Beyer's current law firm, Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P A. ("Saxon Gilmore").

4. In paragraphs 25-27, Mirabilis purports to describe the circumstances surrounding Mr. Beyer's departure from Buchanan. Mirabilis's allegations are false.

5. First, in paragraph 25, Mirabilis alleges that Mr. Beyer left Buchanan "[i]n or about March 2005." In truth and in fact, Mr. Beyer's announced his resignation on February 7, 2005, and his last day with Buchanan was February 11, 2005.

6. Next, in paragraph 26, Mirabilis alleges that Buchanan made a "decision to move away from bankruptcy practice," or at least that Mr. Beyer allegedly so informed Mr. Amodeo to explain why he was leaving the firm. While I do not have any personal knowledge about what Mr. Beyer may have told Mr. Amodeo (if anything), I do know that Buchanan has not "moved away from bankruptcy practice." To the contrary, Buchanan had (after Mr. Beyer's departure) and continues to have an extensive bankruptcy practice, representing creditors, borrowers, franchisees and lessees in bankruptcy matters across the country.

7. Finally, in paragraph 27, Mirabilis alleges that Mr. Beyer left Buchanan's employ because Mr. Beyer had "breached his fiduciary duties to clients by participating in self-dealing and entering into transactions with clients in which Beyer received direct economic benefit about and beyond the compensation he received as their attorney." This allegation is false.

8. Contrary to Mirabilis's contention, Mr. Beyer was a valued employee and left Buchanan on excellent terms. Mr. Beyer's decision to leave the firm was primarily because his practice at Buchanan's Miami office was not growing at the rate he desired. In addition, both Mr. Beyer and his wife decided to relocate to Tampa, and his continued employment with the firm would have required Mr. Beyer to spend significant time in our Miami office.

9. I am not aware of any facts to support the allegation that Mr. Beyer breached his fiduciary duty to any client while he was employed at Buchanan, engaged in self-dealing, or entered into transactions with any clients in which he received direct economic benefit beyond his compensation as an attorney. As the firm's counsel (at that time) and now as its General Counsel, I would have been made aware of any such conduct by Mr. Beyer, particularly where, as alleged by Mirabilis, such conduct was the "actual reason" for Mr. Beyer's departure from Buchanan.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN R. LEATHERS

STATE OF PENNSYLVANIA
COUNTY OF ALLEGHENY

The foregoing instrument was sworn to and subscribed before me this 13th day of March, 2009 by John R. Leathers, who is personally known to me, or provided identification.

_____
Notary Public – State of Pennsylvania
Print: Karen Mulligan
My Commission Expires: 05-21-10

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Karen Mulligan, Notary Public
Franklin Park Boro, Allegheny County
My Commission Expires May 21, 2010
Member, Pennsylvania Association of Notaries

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2009 I electronically filed the foregoing with the Clerk of the Court pursuant to Administrative Procedures for Electronic Filing in the Middle District of Florida by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Elizabeth A. Green<br>bankruptcynotice@lseblaw.com | Joseph H. Varner<br>jvarner@kvmlaw.com |
| Jimmy D. Parrish<br>bankruptcynotice@lseblaw.com | *Counsel for Defendants*<br>*Saxon Gilmore and Hans C. Beyer* |
| *Counsel for Plaintiff* | |

/s/ Thomas A. Zehnder
David B. King, Trial Counsel
Florida Bar No.: 0093426
Thomas A. Zehnder
Florida Bar No.: 0063274
KING, BLACKWELL, DOWNS & ZEHNDER, P.A.
P.O. Box 1631 (Mailing)
25 E. Pine Street (Physical)
Orlando, FL 32802
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
dking@kbdzlaw.com
tzehnder@kbdzlaw.com

*Counsel for Defendants*
*Buchanan Ingersoll & Rooney PC and Hans C. Beyer*