# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In Re:

MIRABILIS VENTURES, INC.,

    Debtor.

_____/

CASE NO.: 6:08-bk-04327-KSJ

CHAPTER 11

MIRABILIS VENTURES, INC.,

    Plaintiff,

v.

SAXON, GILMORE, CARRAWAY,
GIBBONS, LASH & WILCOX, P. A.;
and HANS C. BEYER, An individual and
as Attorney/Agent with SAXON, GILMORE,
CARRAWAY, GIBBONS, LASH AND
WILCOX,

    Defendants.

_____/

ADV. PRO. NO.: 6:08-ap-00227-KSJ

## MIRABILIS VENTURES, INC.'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiff, Mirabilis Ventures, Inc., ("MVI" or "Mirabilis"), by and through its counsel, and pursuant to Rule 7007, *Federal Rules of Bankruptcy Procedure*, hereby files its Response and Memorandum of Law in Opposition to the Motion to Dismiss Amended Complaint filed by Defendants, Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A. ("Saxon Gilmore") and Hans C. Beyer ("Beyer")(Adv. Doc. No. 27) (the "Dismissal Motion") and in support thereof states as follows:

## I. SUMMARY OF ARGUMENT

Defendants attempt to dismiss this adversary through the use of smoke and mirrors and a hyper-technical reading of Mirabilis' Amended Complaint. However, this magic trick fails. Defendants have failed to meet their burden to prove that Mirabilis' Amended Complaint should be dismissed. Mirabilis' Amended Complaint is a very detailed examination of Defendants involvement with Mirabilis and how their poor advice and lack thereof led, in part, to the ultimate demise of Mirabilis. Mirabilis includes a detailed factual history of Mirabilis, to fully inform the Court and the Defendants about the history of Mirabilis as well as its related entities and how this very complicated set of facts and circumstances came to be and how the Defendants and other parties were involved in the process. In support, Mirabilis has also included documentation it has discovered that raises significant questions regarding the Defendants involvement with the payroll tax scheme and their failure to provide competent and unbiased legal advice to Mirabilis regarding the treatment of these tax issues. Defendants' attempts to discredit these Exhibits are a red-herring and are Defendants' counsels own interpretation. Their piecemeal attempts to pick at the contents of the Exhibit do very little to de-value their merits. Furthermore, it is quite clear based on these Exhibits and the allegations set forth in the Amended Complaint that Mirabilis has more than satisfied the extremely low burden of alleging the minimal level of facts needed to alleges causes of action for: negligence, professional negligence, breach of fiduciary duty, negligent misrepresentation and negligent supervision. At the very least, Mirabilis is entitled to discovery from the Defendants. This is exactly what the Defendants are trying to prevent: the facts regarding their involvement that Defendants have tried to bury

2

after the Mirabilis ship started to sink. Mirabilis has stated valid causes of action. The Defendants have more than adequate notice of the allegations against them. Defendants can not hide any further, and their Motion to Dismiss must be denied.

## II. PROCEDURAL HISTORY

1. On December 8, 2008, Mirabilis filed its complaint against the Defendants alleging counts of negligence, negligent misrepresentation, professional negligence and negligent supervision. (Adv. Doc. No. 1).

2. On January 30, 2009, Defendants filed their Motion to Dismiss Complaint ("First Dismissal Motion"). (Adv. Doc. No. 15).

3. In the First Dismissal Motion, Defendants raise boilerplate defenses to the Complaint alleging failure to state a cause of action, among other things.

4. In order to avoid needless bantering with Defendants' counsel, Mirabilis agreed to voluntarily dismiss its Complaint and file its Amended Complaint correcting the procedural and grammatical issues therein. The dismissal was agreed to and not based on the merits, as Defendants have alleged. (Adv. Doc. No. 23)

5. On March 18, 2009, Mirabilis filed its Amended Complaint alleging counts of negligence, breach of fiduciary duty, negligent misrepresentation, professional negligence and negligent supervision. (Adv. Doc. No. 26)

6. In the Amended Complaint, Mirabilis attempts to provide detailed factual history regarding the Sunshine Companies, Presidion Companies, how Mirabilis was involved, how Defendants became involved and the USA's Civil Forfeiture Proceeding. Mirabilis includes over 57 paragraphs of information to fully inform the Court and

3

Defendants regarding the full background and history of how this very complicated set of facts and circumstances came to be.

7. In further support of the same, and to quash many of Defendants' previous allegations that there was no factual support provided for said claims, Mirabilis, although not required, attached eight (8) exhibits demonstrating Beyer's and Saxon Gilmores direct participation with the payroll tax scheme, meetings with the IRS, drafting schedules without any designation for tax payroll liability, and account statement directly from Saxon Gilmore for work provided to Mirabilis.

8. Nevertheless, and despite failing to provide a single document, verified statement or other evidence that Defendants were not intimately involved in the payroll tax scheme, Defendants filed their second Motion to Dismiss, alleging the same basic boilerplate defenses and by attempting to pick at portions of Mirabilis' exhibits. (Adv. Doc. No. 27).

9. Defendants' Dismissal Motion is borderline inappropriate. It makes references to the original complaint and its allegations (which are no longer of record) and makes implied suggestions regarding potential sanction motions. The Dismissal Motion largely ignores the allegations of the Amended Complaint, but rather uses its bullying posture to show what, in their opinion, Mirabilis has failed to do in proving its case. Mirabilis is not required to try its case at the starting line, as Defendants seem to imply.

### III. STANDARD ON MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure simplified standard for pleading, "a court may dismiss a complaint *only* if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 514 (2002)(Emphasis Added). Accordingly, a plaintiff need only plead a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Conley v. Gibson*, 355 U.S. 41, 47, (1957).

A plaintiff may rely entirely on factual allegations and will prevail even if the defendant makes contrary arguments. *Jazini v. Nissan Motor Co.*, 148 F. 3d 181, 184 (2d Cir. 1998); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F. 2d 76, 79 (2d Cir. 1993). In resolving the motion, the court should read the complaint and affidavits in a light most favorable to the plaintiff. *PDK Labs, Inc.*, 103 F. 3d at 1108.

Dismissal of a complaint is appropriate, "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). The complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994).

## IV. MIRABILIS HAS PLED A VALID CAUSE OF ACTION FOR NEGLIGENCE

Under Florida law, in order to plead a valid cause of action for common law negligence, a party must allege: (1) a legal duty of the defending party to protect the party seeking relief under the circumstances; (2) negligent failure by the defending party to comply with the duty; (3) injury to the party seeking relief as a result; and (4) damages. *See Cintron v. Osmose Wood Preserving*, 681 So. 2d 859, 861 (Fla. 5th DCA 1996).

Whether there is a duty owed by the defendants to the plaintiff in a negligence action is a question of fact for the court to decide. *See Whitt v. Silverman*, 788 So. 2d 210 (Fla. 2001); *see also McCain v. Florida Power Corp.*, 593 So. 2d 500 (Fla. 1992). Whether a duty has been breached in a particular case is also a question of fact for the jury. *See Hancock v. Department of Corrections*, 585 So. 2d 1068 (Fla. 1st DCA 1991). The element of proximate causation is concerned with whether and to what extent the Defendants' conduct foreseeably and substantially caused the specific injury that actually occurred. *McCain* at 502. Foreseeability is concerned with the specific, narrow factual details of the case, not with the broader zone of risk the Defendants create. *Id.* Where reasonable persons could differ as to whether the facts establish proximate causation, then the resolution of the issue must be left to a jury. *Id.*

In the instant action, the Amended Complaint alleges facts which support a claim of negligence against the Defendants. First, Mirabilis has alleged that Defendants owed it a duty through paragraphs 30, 31, 32, 33, 34, 35, 36, 41, 42, 43, 59, as well as Exhibits B, C, F, and H. Mirabilis has alleges that an attorney-client relationship existed between Mirabilis and Defendants to provide legal counsel regarding the legality of the

Sunshine Companies Plan and PBS Plan, through restructuring work, tax treatment advice, among other things. Clearly, duty has been alleged. Second, Mirabilis has also alleged that Defendants breached their duty through paragraphs 45, 61 as well as Exhibit C. Mirabilis has alleged that Defendants breached their legal duty by failing to provide sufficient legal advice regarding the treatment of the payroll taxes through reorganization efforts. The Defendants' breach is also alleged by showing that the Defendants failed to disclose any payroll tax liability under the drafted schedules, which Mirabilis relied on in determining whether to approve the Sunshine and PBS Plans. Thus, breach has been alleged. Causation has also been alleged through paragraphs 50, 52, 62 and 66. Mirabilis makes it abundantly clear that if not for Defendants poor and absent legal advice, Mirabilis would not have the IRS and US government seize assets of Mirabilis, Mirabilis' book of business would not have been destroyed, and Mirabilis would likely still be in business. Causation has been alleged. Lastly, damages have also been alleged through paragraphs 62 and 66. Mirabilis has alleged that as a result of Defendants breach of legal duty, Mirabilis has sustained damages by the damage to their reputation and name, their book of business value, as well as terms and conditions with their prospective clients. Thus, it is clear that Mirabilis has met its very low pleading threshold in pleading a count for negligence.

Defendants attempt to confuse the Court by nit-picking at Mirabilis' Amended Complaint. However, a review of their alleged problems reveals form rather than substance. First, Defendants claim that Mirabilis seek damages sustained by non-parties. Page 11, Dismissal Motion. This is a misnomer. Mirabilis has clearly alleged that it, as well as others, has sustained damages by Defendants' conduct. The fact that Mirabilis has alleged

that Mirabilis has sustained damages alone is enough to satisfy the basic pleading requirement. Defendants three page rambling regarding this issue can be disregarded.

## V. MIRABILIS HAS PLED A VALID CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

Under Florida law, in order to plead a valid cause of action for breach of fiduciary duty, a party must allege the following: (1) existence of a fiduciary duty; (2) breach of that duty; (3) the breach of that duty was the proximate cause of the plaintiff's damages. *See Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002).

In the instant action, the Amended Complaint alleges facts which support a claim of breach of fiduciary duty against the Defendants. First, Mirabilis has alleged that Defendants owed it a fiduciary duty through paragraphs 30, 31, 32, 33, 34, 35, 36, 41, 42, 43, 59, as well as Exhibits B, C, F, and H. Mirabilis has alleges that an attorney-client relationship existed between Mirabilis and Defendants to provide legal counsel regarding the legality of the Sunshine Companies Plan and PBS Plan, through restructuring work, tax treatment advice, among other things.[1] Clearly, duty has been alleged. Second, Mirabilis has also alleged that Defendants breached their duty through paragraphs 45, 61 as well as Exhibit C. Mirabilis has alleged that Defendants breached their legal duty by failing to provide sufficient legal advice regarding the treatment of the payroll taxes through reorganization efforts. The Defendants breach is also alleged by showing that the Defendants failed to disclose any payroll tax liability under the drafted schedules, which Mirabilis relied on in determining whether to approve the Sunshine and PBS Plans. Thus, breach has been alleged. Causation has also been alleged through paragraphs 50, 52, 62 and 66. Mirabilis makes it abundantly

---

[1] It is inherent under Florida law, that an attorney owes its clients a fiduciary duty.

clear that if not for Defendants poor and absent legal advice, Mirabilis would not have the IRS and US government seize assets of Mirabilis, Mirabilis' book of business would not have been destroyed, and Mirabilis would likely still be in business. Causation has been alleged. Lastly, damages have also been alleged through paragraphs 62 and 66. Mirabilis has alleged that as a result of Defendants breach of legal duty, Mirabilis has sustained damages by the damage to their reputation and name, their book of business value, as well as terms and conditions with their prospective clients. Thus, it is clear that Mirabilis has met its very low pleading threshold in pleading a count for breach of fiduciary duty.

Again, Defendants attempt to confuse the Court by nit-picking at Mirabilis' Amended Complaint. First, Defendants claim that Mirabilis seek damages sustained by non-parties and therefore Mirabilis has not alleged damages. Page 11, Dismissal Motion. Again, this is a misnomer. Mirabilis has clearly alleged that it, *as well as others*, has sustained damages by Defendants' conduct. The fact that Mirabilis has alleged that Mirabilis has sustained damages alone is enough to satisfy the basic pleading requirement. Defendants three page rambling regarding this issue can be disregarded.

### VI. MIRABILIS HAS PLED A VALID CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

Under Florida law, in order to plead a valid cause of action for negligent misrepresentation, the plaintiff must allege that: (1) defendant made a statement concerning a material fact that it *believed to be true* but which was in fact false; (2) whether defendant was negligent in making the statement because it should have known the statement was false; whether in making the statement, (3) defendant expected that another would rely on the statement; (4) whether plaintiff justifiably relied on the false statement or omission; and (5)

whether plaintiff suffered loss, injury or damage as a result. *See Standard Jury Instructions-Civil Cases (No. 99-2)*, 777 So.2d 378, 381 (Fla. 2000); *see also Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So.2d 334, 339 (Fla. 1997).

Mirabilis has pled a valid cause of action for negligent misrepresentation. Defendants made a statement through their express actions as well as omissions regarding the treatment of the payroll taxes and implementation of the PBS Plan. This is evidenced by paragraphs 34, 35, 38, 42, 43 as well as Exhibit G. These paragraphs and the attachments are very specific regarding Saxon's omissions and express statements regarding their treatment of the payroll taxes. See Exhibit G and Exhibit E. Second, Mirabilis has pled that Saxon was negligent in making the statement and omissions because it should have known the statement was false. This is evidenced by paragraphs 37, 45 and 69. Next, it is quite clear that Saxon intended Mirabilis to rely on these statements and their legal advice, as stated in paragraphs 45, 46, and 75. Mirabilis is quite specific in this regard. Mirabilis has also pled that it relied on Saxon's legal advice, more importantly through its omission, as evidenced in paragraphs 43, 44, 69 and 71. Lastly, Mirabilis has alleged that it sustained damages resulting from Saxon's conduct through paragraphs 62 and 72. To be clear, Defendants have misrepresented material facts through omissions and representations on more than one occasion. However, provided each element of the cause of action has been pled for just **one single misrepresentation**, a motion to dismiss must be denied. *See Lauray v. Abell*, 2005 WL 2043520, 3 (M.D.Fla. 2005)(court denied motion to dismiss and granted plaintiff's motion for leave to amend complaint to include additional necessary elements of negligent

misrepresentation). Therefore, Mirabilis has pled a valid cause of action for negligent misrepresentation.

Defendants allege that Mirabilis' count for negligent misrepresentation must be pled with particularity to comply with Rule 9(b). Mirabilis unequivocally states that it has met this requirement. As alleged above, Mirabilis has laid out very detailed allegations supporting the specific allegations of Defendants failures and the scope of the same.

Even if Mirabilis did not plead with particularity, Mirabilis is not required to unless they have pled an allegation of fraud. *See Howell v. Motorola, Inc.*, 337 F.Supp.2d 1079 (N.D.Ill. 2004)(where plan participant was not required to plead with particularity claims that fiduciaries of employer's profit sharing plan under count of negligent misrepresentation where participant **did not assert securities fraud or common law fraud claims**)(Emphasis Added). Mirabilis has not alleged any count of fraud or allegation of fraud against the Defendants. Therefore, Mirabilis' claim is not subject to the requirements of Rule 9(b). *See Benchmark Elecs., Inc. v. JmM. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)("Rule 9(b) by its terms does not apply to negligent misrepresentation claims.") The logic behind requiring parties to plead with specificity on counts of negligent misrepresentation claims is when their claims are based on fraud or "sound in fraud". This is simply not the case here, as Mirabilis claims sound in negligence rather than fraud. Therefore, either way, Mirabilis has satisfied its burden to plead a valid cause of action for negligent misrepresentation.

## VII. MIRABILIS HAS PLED A VALID CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE

The requirements to plead a valid cause of action for professional negligence based on legal advice are largely the same as a count for negligence, with one exception. Pleading

that an attorney-client relationship exists must also allege the relationship that existed with respect to the acts or omission upon which the claim is based. *See Maillard v. Dowdell*, 528 So.2d 512, 514 (Fla. 3d DCA 1988), *rev. denied,* 539 So.2d 475 (Fla. 1988). Mirabilis incorporates its entire argument based in Section IV above. In addition, it is clear that Mirabilis has pled the exact attorney-client relationship with respect to the act or omission upon which its claim is based. As stated in paragraphs 33, 34, 75, and 76, Mirabilis hired Saxon to give it advice regarding the legality of the PBS and Sunshine Companies Plan, among other things. As Mirabilis has made abundantly clear, Saxon made statements and omissions regarding this scope of work that led to its ultimate demise. Additionally, Mirabilis has also alleged that Beyer drafted bankruptcy documents on behalf of Presidion and disclosing Mirabilis as a creditor, which creates a conflict of interest and also gives rise to a professional negligence claim. This type of conduct expressly disallowed under the Bankruptcy Code. *See In re Abrass*, 250 B.R. 432, 434 (Bankr.M.D.Fla. 2000)(attorney with interest adverse to estate could not be employed post-petition under Section 327). Therefore, Mirabilis has met this minimal threshold by pleading the requirements of professional negligence.

### VIII. MIRABILIS HAS PLED A VALID CAUSE OF ACTION FOR NEGLIGENT SUPERVISION

In order to plead a valid cause of action for negligent supervision, Mirabilis must plead the basic requirements of negligence: (1) the existence of an attorney-client relationship giving rights to a legal duty to supervise an attorney; (2) negligent breach of that duty; and (3) proximate causation of the plaintiff's injury by the defendant's negligence. *See*

*generally Collins v. School Board of Broward County,* 471 So.2d 560, 563 (Fla. 4th DCA 1985) (citing *Ankders v. District School Board of Pasco County*, 406 So.2d 72 (Fla. 2d DCA 1981).

Mirabilis had pled a valid cause of action for negligent supervision. Mirabilis had specifically pled that the existence of an attorney-client relationship (See Section IV), and that Saxon had a duty to supervise the actions and inactions of Beyer, as evidenced by paragraph 81. Mirabilis had also pled that Saxon has breached its duty by failing to supervise Beyer to ensure his conduct and activities were true and accurate, and failed to monitor the trust accounts of Mirabilis, as evidenced by paragraph 82 and 83. Proximate causation of Plaintiff's injuries is evidenced by paragraph 84. Therefore, it is clear that Mirabilis has pled a valid cause of action for negligent supervision.

### IX. DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN

Defendants have failed to meet their burden and their Dismissal Motion must be denied. To be clear, Mirabilis is not required to prove its case at the starting line. They are simply required to plead the minimum allegations required to give the Defendants notice of the allegations against them. It is clear that Mirabilis has more than satisfied this requirement. In its Amended Complaint, Mirabilis provided detailed history regarding Mirabilis, the PBS Plan and the Sunshine Companies plan and how they all fit together. More importantly, Mirabilis included an entire section entitled "Retention and Involvement of Hans C. Beyer by Mirabilis Ventures, Inc. and its Subsidiaries and the Approval of the PBS Plan." The section includes sixteen (16) detailed paragraphs and attached exhibits that

detail the Defendants participation and resulting failures regarding the payroll tax treatment of the PBS and Sunshine Companies Plan.

Defendants attempt to use smoke and mirrors by confusing the requirements of a motion to dismiss. They make generalized allegations and interpretations of Mirabilis' allegations and exhibits. However, their interpretation is irrelevant for purposes of a motion to dismiss. If Mirabilis' allegations, as well as supporting exhibits, are taken as true, Mirabilis is entitled to relief under each and every pled cause of action. By definition, and effect, Defendants' Dismissal Motion must be denied.

As an additional attempt to cloud the issues and interpret the attached Exhibits without affidavit or otherwise, Defendants pick portions of the attached Exhibits and attempt to discredit why they were attached in the first place. This is not a buffet. Defendants can not simply pick and choose portions of the Exhibits and allegations that are to their liking. The exhibits must be read in their entirety and for what they truly represent and support. For example, Defendants claim that Exhibit "B" does not support the allegation that Beyer was advising Mirabilis. If read in totality, Exhibit B supports exactly what it says it, as it details "some of Beyer's preliminary duties under the PBS Plan." Mirabilis retained Beyer soon thereafter to provide additional duties under the PBS Plan, including the duties outlined therein. Defendant provides its own narrative on what it believes the exhibit is, but fails to attach or otherwise evidence that Mirabilis assertions are not true. Next, Defendants attempt to pick apart Mirabilis Exhibit "D" by pointing out that the attached does not support the allegation that Beyer and Saxon Gilmore drafted a Presidion Plan of Reorganization while employed by Mirabilis. However, Exhibit "D" does just that. Exhibit "D" supports a variety

of allegations regarding the Defendants' fiduciary duties to Mirabilis. Significant and serious questions also result regarding why the Defendants are preparing bankruptcy petitions for other companies whose interests are in direct conflict of the company they represent. This Exhibit evidences Mirabilis' allegations that Defendants have breached their fiduciary duty as well as ethical duties to Mirabilis and raises serious questions regarding why this petition was drafted in the first place, which would be brought into the light through discovery. Exhibit "E" also supports the allegation regarding the wide scope of work that Defendants were hired to perform, including tax treatment under plans of reorganization and how they relate to the global PBS Plan, including but not limited to the treatment of Cadent and its payroll taxes. This is in complete conformity with paragraph 38. Lastly, Defendants point out that the second page of Exhibit "F" in one section does not support the overall allegation that Beyer did not meet with the IRS in Miami, but rather it was a trip to Tampa. This is false. Exhibit "F" is an expense report from Beyer that expressly states the purpose of the report was for a trip to Miami to "attend a meeting with the IRS." Defendants conveniently forget this from their discussion. In addition, Defendants also disregard Exhibits "G" and "H" which provide very damaging support that Defendants directly participated in the PBS Plan and billed Mirabilis for said work. Exhibit "G" is a letter to the IRS with edits from Beyer regarding the tax treatment of the PBS book of business and supports the allegation regarding why Defendants were hired and the scope of their duties. Exhibit "H" is an account statement that demonstrates that Mirabilis paid Defendants over $271,000.00 for legal work.

To date, Defendants have failed to provide a single document to evidence what they were billed for, any engagement letter that would otherwise discredit Mirabilis assertions, or any other proof that would contradict Mirabilis' allegations. Defendants have failed to attach or otherwise provide any document or affidavit to support their Dismissal Motion. As such, Defendants have failed to meet their burden under the motion to dismiss standard and the Dismissal Motion must be denied.

## X. IN THE ALTERNATIVE, MIRABILIS IS ENTITLED TO DISCOVERY

At a bare minimum, Defendants' Motion to Dismiss should be abated to allow Mirabilis to conduct discovery regarding the treasure trove of questions it has based on the attached documents and otherwise. Admittedly, since virtually all of Mirabilis' officers and directors have disappeared or resigned before the filing of the Bankruptcy Case (including Defendants), it has been difficult to retrieve answers regarding Defendants' participation in the PBS Plan and to obtain answers regarding the questions resulting from reviewing video tapes and documents it has in its possession. Defendants are not willing to voluntary provide this information. Rather, they are attempting to escape the instant litigation without having to answer a single question under oath or otherwise produce documents that may be damaging to their case. As such, Mirabilis is entitled to discovery to determine the true scope and involvement of Defendants in the PBS Plan, the Sunshine Companies, why they were billed and received over $271,000.00, why Defendants met with the IRS, and otherwise find the truth about Defendants involvement with Mirabilis.

## XI. CONCLUSION

Defendants' Dismissal Motion must be denied. Defendants have failed to meet their burden to prove that Mirabilis has not pled valid causes of action as alleged in the Amended Complaint. Defendant's blanket allegations that attempt to interpret the attached Exhibits, without any other document, affidavit or live testimony, must be ignored when evaluating a motion to dismiss. Mirabilis had provided more than sufficient notice to the Defendants regarding the scope of Mirabilis' allegations against them. In the alternative, Defendants' Dismissal Motion must be abated to allow Mirabilis to conduct discovery regarding the truth about Defendants involvement with Mirabilis.

**WHEREFORE**, Mirabilis Ventures, Inc. respectfully requests this Court deny the Defendants' Dismissal Motion, or alternatively, allow Mirabilis to conduct discovery, and grant such other and further relief as the Court deems reasonable and necessary under the circumstances.

**DATED**, this 29th day of June, 2009.

/s/ Elizabeth A. Green
Elizabeth A. Green
Florida Bar No. 0600547
Jennifer S. Eden
Florida Bar No. 0867594
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
egreen@lseblaw.com
jeden@lseblaw.com
Attorneys for Mirabilis Ventures, Inc.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

MIRABILIS VENTURES, INC.,

    Debtor.
_____/

CASE NO.: 6:08-bk-04327-KSJ

CHAPTER 11

MIRABILIS VENTURES, INC.,

    Plaintiff,

v.

SAXON, GILMORE, CARRAWAY,
GIBBONS, LASH & WILCOX, P. A.;
and HANS C. BEYER, An individual and
as Attorney/Agent with SAXON, GILMORE,
CARRAWAY, GIBBONS, LASH AND
WILCOX,

    Defendants.
_____/

ADV. PRO. NO.: 6:08-ap-00227-KSJ

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; and Joseph H. Varner, Esq., Holland and Knight LLP, 100 N. Tampa Street, Suite 4100, Tampa, Florida 33602 on this 29th day of June 2009.

                                  /s/ Elizabeth A. Green
                                Elizabeth A. Green