UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re )
)
MIRABILIS VENTURES, INC., ) Case No. 6:08-bk-04327-KSJ
) Chapter 11
Debtors. )
)

MIRABILIS VENTURES, INC., )
)
Plaintiff, )
) Adversary Proceeding 6:08-ap-227
vs. )
)
BUCHANAN, INGERSOLL & ROONEY, )
P.L., )
SAXON, GILMORE, CARRAWAY, )
GIBBONS, LASH & WILCOX, P.A., AND )
HANS C. BEYER, )
)
Defendants. )
)

MEMORANDUM OPINION DENYING
DEFENDANTS' MOTION TO DISMISS

Mirabilis Ventures, Inc., the debtor and plaintiff in this adversary proceeding, has filed an amended complaint (Doc. No. 26) asserting five counts against a lawyer, Hans C. Beyer, and his law firm, Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A. In response, the defendants have moved to dismiss the proceeding (Doc. No. 27) arguing, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the amended complaint: (1) fails to provide fair notice; (2) fails to adequately allege attorney-client relationship and legal malpractice; and (3) fails to adequately state a claim upon which relief can be granted.

In reviewing motions to dismiss, courts must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Financial Security Assur., Inc. v. Stephens, Inc., 450 F.3d 1257, 1262 (11th Cir. 2006) (citing Roberts v. Fla. Power & Light

Co., 146 F.3d 1305, 1307 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Financial Security, 450 F.3d at 1262 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 (1957)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, 'exceedingly low.'" Financial Security, 450 F.3d at 1262 (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citing Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11th Cir. 1983))). "That said, 'while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Financial Security, 450 F.3d at 1262 (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A, 1981))).

Mirabilis, a Nevada private equity corporation with its principle place of business in Florida, was in the business of acquiring and providing consulting and other services to real estate, construction, retail, and human resource companies. One of these business transactions involved two separate corporations—Presidion Corporation ("Presidion") and AQMI Strategy Corporation ("AQMI"). In effect, AQMI brokered a deal whereby Mirabilis would acquire and rehabilitate Presidion's business using monies obtained by one of Presidion's subsidiaries. As alleged, the "plan" called for Presidion's subsidiary to collect federal employment taxes from its employees, but, instead of properly forwarding them to the taxing authorities, to funnel the money to Mirabilis to fund Presidion's business.

AQMI originally hired Beyer and his law firm to assist in the implementation of this plan. Later, as alleged in the amended complaint, Mirabilis directly hired Beyer and Saxon Gilmore in early 2005. Beyer also served as an employee and officer of Mirabilis while simultaneously working for Saxon Gilmore and performing legal services for both AQMI and Mirabilis. By July 1, 2006, after receiving legal advice from Beyer and other professionals, Mirabilis formally acquired Presidion's business portfolio. From 2005-2006, Saxon Gilmore invoiced, and Mirabilis paid over $270,000.00 for legal fees.

In November 2006, Mirabilis allegedly was notified of the commencement of a federal grand jury investigation regarding the Presidion acquisition. The United States later filed an *in rem* civil forfeiture action against the assets of Mirabilis, destroying the value of Presidion's assets and decimating Mirabilis' operations.

On May 27, 2008, Mirabilis filed a petition in this Court seeking relief under Chapter 11 of the Bankruptcy Code.[1] Mirabilis timely filed this adversary proceeding and the amended complaint asserting the following counts:

| Count I | Negligence |
| Count II | Breach of Fiduciary Duty |
| Count III | Negligent Misrepresentation |
| Count IV | Professional Negligence |
| Count V | Negligent Supervision |

Defendants filed the motion to dismiss the adversary proceeding (Doc. No. 27) asserting that the plaintiff in its amended complaint: 1) fails to provide fair notice; 2) fails to allege adequate attorney-client relationship and a basis for legal malpractice; and 3) fails to state adequate claims for which relief can be granted. Construing all allegations in the light most favorable to the plaintiff and for the reasons explained below, the motion is denied.

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

## Fair Notice

Defendants initially argue the amended complaint is a "shotgun pleading" failing to provide fair notice to enable them to frame a proper response. Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement to set forth a claim and give defendants fair notice to adequately respond. Conley v. Gibson, 355 U.S. at 47. The "failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading" is a "shotgun pleading" which places an unfair burden on defendants. Byrne v. Nezhat, 261 F. 3d 1075, 1129-30 (11th Cir. 2001). Rule 10(b) of the Federal Rules of Civil Procedure articulates the minimum pleading requirements a plaintiff must meet and provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). "If [a pleading is] properly drawn, [it] will present each claim for relief in a separate count as required by Rule 10(b) and with such clarity and precision that the defendant will be able . . . to frame a responsive pleading." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Pleadings that conform to the provisions of Rule 10(b) and are sufficiently clear and concise to enable defendants to frame a response are not "shotgun pleadings" and provide fair notice. Id.

The amended complaint meets this standard, setting out the nature and history of the claims, presenting the claims in separate counts, and delineating each count in separate sections and numbered paragraphs. The 15-page amended complaint clearly and concisely lists the elements of each claim and supports each element with adequate factual allegations. The plaintiff has given the defendants fair notice of its claims, and the defendants can frame a response to the amended complaint, as filed.

## Attorney-Client Relationship and Malpractice

Defendants next contend Mirabilis fails to sufficiently allege the attorney-client relationship and legal malpractice, which is a fatal flaw to all five counts. An attorney-client relationship is based on the client's subjective reasonable belief that he or she is being represented. In re Lentek Int'l., Inc., 377 B.R. 396, 400 (Bankr. M.D. Fla. 2007). Furthermore, a complaint need only contain direct or inferential allegations and need not state specific facts. Financial Security, 450 F.3d at 1262.

Mirabilis adequately alleges the existence of an attorney-client relationship and legal malpractice in the amended complaint. Mirabilis directly alleges an attorney-client relationship asserting Beyer and his law firm were employed by Mirabilis to provide legal advice (Doc. No. 26, ¶¶ 33, 35). Exhibit H to the amended complaint further supports allegations of an attorney-client relationship showing that Mirabilis paid Beyer and Saxon Gilmore $271,374.60 between October 2005 and September 2006. Mirabilis further alleges that the defendants breached the applicable duty of care, and Mirabilis was damaged as a direct and proximate result of the defendants' actions (Doc. No. 26, ¶¶ 61 and 62). The amended complaint adequately states the existence of an attorney-client relationship and lists the elements of legal malpractice.

## Failure to state a claim

Defendants lastly assert all five counts of the amended complaint fail to state a claim upon which relief can be granted. In order to adequately state a claim, a plaintiff must either directly or inferentially allege sufficient facts to justify relief. Specific, detailed facts are not required. Financial Security, 450 F.3d at 1262. Construing the facts alleged in the amended complaint in a light most favorable to Mirabilis and analyzing each count individually, the plaintiff has adequately stated claims, under which, if proven, relief may lie.

*Count I-Negligence*. To state a claim for negligence, a party must allege: (1) a legal duty of the defending party to protect the party seeking relief under the circumstances; (2) negligent failure by the defending party to comply with the duty; (3) injury to the party seeking relief as a result; and (4) damages. Cintron v. Osmose Wood Preserving, Inc., 681 So. 2d 859, 861 (Fla. 5th Dist. Ct. App. 1996). Mirabilis met this test.

In the amended complaint (Doc. No. 26), Mirabilis alleges that, by accepting employment to render legal advice, defendants owed Mirabilis a duty to use prudence and diligence (¶ 33). Defendants breached this duty by failing to warn Mirabilis of possible criminal and civil liability (¶ 61). Mirabilis alleges it was damaged through forced divestment and liquidation as a direct and proximate cause of defendants' breach of duty (¶¶ 53, 62). Count I states a claim for negligence.

*Count II- Breach of Fiduciary Duty*. Similar to the elements of negligence, to state a claim for breach of fiduciary duty, a party must allege: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach of duty was the proximate cause of that party's damages. Gracey v. Eaker, 837 So. 2d 348, 355 (Fla. 2002). Mirabilis alleges a fiduciary duty existed where defendants were retained to provide legal advice on bankruptcy related matters (¶¶ 30-35). Defendants allegedly breached their duty in failing to advise Mirabilis of civil and criminal consequences (¶¶ 35-36, 65). Mirabilis further alleges it was damaged through forced divestment and liquidation as a direct and proximate cause of defendants' breach (¶¶ 53, 66). Count II states a claim for breach of fiduciary duty.

*Count III-Negligent Misrepresentation*. Defendants contend negligent misrepresentation requires an allegation of fraud, and, as a result, the plaintiff must comply with Rule 9(b) of the Federal Rules of Civil Procedure, which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).

Contrary to defendants' contention, "Rule 9(b) by its terms does not apply to negligent misrepresentation claims." Benchmark Elecs., Inc., v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003). Rule 9(b) is inapplicable to a negligent misrepresentation allegation, with one narrow exception. If a party asserts both a claim for fraud *and* a claim for negligent misrepresentation whereby both claims are based on the same set of facts, Rule 9(b) applies. Id. Here, Mirabilis did not assert a claim for fraud. Accordingly, Rule 9(b) does not apply. Plaintiff is not required to allege negligent misrepresentation with particularity.

Pursuant to Florida state law, the elements of negligent misrepresentation are: (1) defendant made a statement concerning a material fact that he or she believed to be true but was in fact false; (2) defendant was negligent in making the statement because he or she should have known the statement was false; (3) in making the statement, defendant intended or expected another would rely on the statement; (4) plaintiff justifiably relied on the false statement; and (5) plaintiff was damaged as a result. Standard Jury Instructions-Civil Cases (No. 99-2), 777 So. 2d 378, 381-82 (Fla. 2000).

Mirabilis alleges defendants negligently made false statements regarding the legality of Mirabilis' acquisition of Presidion's business, which induced Mirabilis to continue with the purchase. Defendants made these representations knowing that Mirabilis justifiably would rely on their lawyers' advice. Mirabilis further alleges it was damaged through forced divestment and liquidation as a direct and proximate cause of defendants' misrepresentations (¶¶ 39-42). Count III states a cause of action for negligent misrepresentation.

*Count IV-Professional Negligence*. To state a claim for professional negligence, a party must allege: (1) an attorney-client relationship existed to give rise to a duty of reasonable care used by similarly situated attorneys; (2) breach of that duty; and (3) plaintiff suffered injury, loss or damage. Cessna Aircraft Co. v. Avoir Tech., Inc., 990 So. 2d 532, 538 (Fla. 3d Dist. Ct. App. 2008); Olsten Health Servs., Inc. v. Cody, 979 So. 2d 1221, 1227 (Fla. 3d Dist. Ct. App. 2008). Mirabilis alleges: (1) defendants owed a duty to exercise reasonable care, skill and diligence in connection with their legal representation (¶ 76); (2) defendants breached their duty of care by making omissions and misrepresentations as to the legality of the plan (¶ 77); and (3) defendants' breach of duty was a direct and proximate cause of Mirabilis' forced divestment and liquidation. Count IV states a claim for professional negligence.

*Count V-Negligent Supervision*. To state a claim for negligent supervision, a party must allege: (1) existence of an attorney-client relationship giving rise to a duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of the plaintiff's injury by the defendant's negligence. Ankers v. Dist. Sch. Bd. of Pasco County, 406 So. 2d 72, 73 (Fla. 2d Dist. Ct. App. 1981). Mirabilis alleges the existence of an attorney-client relationship, states that Beyer was employed by Saxon Gilmore at the time he rendered legal advice to Mirabilis, and alleges Saxon Gilmore negligently breached its duty of reasonable care in failing to properly supervise Beyer (¶ 84). Mirabilis further alleges it was damaged through forced divestment and liquidation as a proximate cause of Saxon Gilmore's breach. Count V states a cause of action for negligent supervision.

Mirabilis' amended complaint provides fair notice, adequately alleges attorney-client relationship, and adequately states claims upon which relief can be granted. Given the strong presumption in favor of plaintiff's allegations when facing a motion to dismiss, it does not appear "beyond doubt" that Mirabilis cannot prove any set of facts to support its claim.

Financial Security, 450 F.3d at 1262. The Motion to Dismiss the Adversary Proceeding is denied.

A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 12th day of August, 2009.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Plaintiff: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., 341 Maitland Blvd., Suite 210, Maitland, FL 32751

Attorney for Plaintiff: Elizabeth A. Green, Latham Shuker Eden & Beaudine LLP, 390 N. Orange Avenue, Suite 600, Orlando, FL 32801

Defendant: Buchanan, Ingersoll & Rooney, P.L., SunTrust Financial Centre, 401 E. Jackson Street, Suite 2500, Tampa, FL 33602-5236

Defendant: Saxon Gilmore Carraway Gibbons Lash & Wilcox, PA, 201 E. Kennedy Blvd., Suite 600, Tampa, FL 33602

Defendant: Hans Christian Beyer, Saxon, Gilmore, et al., 201 E. Kennedy Blvd., Suite 600, Tampa, FL 33602

Attorney for Defendants: David B. King, King Blackwell Downs & Zehnder PA, 25 E. Pine Street, Orlando, FL 32801

Attorney for Defendants: Joseph H. Varner, III, Holland & Knight, LLP, 101 North Tampa Street, Suite 4100, Tampa, FL 33602