UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE:<br><br>MIRABILIS VENTURES, INC.,<br><br>    Debtor.<br>_____/ | Case No. 6:08-bk-04327-KSJ<br>Chapter 11 |
| MIRABILIS VENTURES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>BUCHANAN, INGERSOLL & ROONEY, P.L.;<br>SAXON, GILMORE, CARRAWAY, GIBBONS,<br>LASH & WILCOX, P.A.; and HANS C. BEYER, an<br>individual an as Attorney/Agent with BUCHANAN,<br>INGERSOLL & ROONEY and SAXON,<br>GILMORE, CARRAWAY, GIBBONS, LASH<br>AND WILCOX,<br><br>    Defendants.<br>_____/ | Adv. Pro. No. 6:08-ap-227-KSJ |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Saxon, Gilmore, Carraway & Gibbons, P.A. ("Saxon Gilmore")[1] and Hans C. Beyer ("Beyer") (collectively, "Defendants") hereby file their Answer to Plaintiff Mirabilis Ventures, Inc.'s ("MVI") Amended Complaint ("Complaint").

    1.    Admitted.

---

[1] Saxon Gilmore was formerly known as Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A.

2. Admitted that Saxon Gilmore is a professional association with its principal place of business in Hillsborough County, Florida, and that Defendants are subject to personal jurisdiction in this district; denied as to the remaining allegations.

3. Denied.

4. Denied.

5. Without knowledge; therefore, denied.

6. Denied.

7. Denied.

8. Denied that any act or omission creating a cause of action against Defendants has occurred; denied that Plaintiff or its counsel have complied with Bankruptcy Rule 9011 or otherwise met their obligations to investigate and bring this action in good faith; denied that Defendants have waived any of their rights or Plaintiff's and its counsel's obligations with respect to this action; otherwise, without knowledge; therefore, denied.

9. Without knowledge; therefore, denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Without knowledge; therefore, denied.

14. Without knowledge; therefore, denied.

15. Without knowledge; therefore, denied.

16. Without knowledge; therefore, denied.

17. Without knowledge; therefore, denied.

18. Without knowledge; therefore, denied.

19. Without knowledge; therefore, denied.

20. Without knowledge; therefore, denied.

21. Without knowledge; therefore, denied.

22. Without knowledge; therefore, denied.

23. Without knowledge; therefore, denied.

24. Without knowledge; therefore, denied.

25. Without knowledge; therefore, denied.

26. Without knowledge; therefore, denied.

27. Without knowledge; therefore, denied.

28. Without knowledge; therefore, denied.

29. Without knowledge; therefore, denied.

30. Denied.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Without knowledge; therefore, denied.

48. Without knowledge; therefore, denied.

49. Without knowledge; therefore, denied.

50. Without knowledge; therefore, denied.

51. Without knowledge; therefore, denied.

52. Without knowledge; therefore, denied.

53. Without knowledge; therefore, denied.

54. Admitted that the petition was filed; denied that it was properly on behalf of Plaintiff.

55. Without knowledge; therefore, denied.

56. Without knowledge; therefore, denied.

57. Without knowledge; therefore, denied.

### Count I – Negligence (All Defendants)

58. Defendants reallege their responses to paragraphs 1 through 57.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

### Count II – Breach of Fiduciary Duty
### (All Defendants)

63. Defendants reallege their responses to paragraphs 1 through 57.

64. Denied.

65. Denied.

66. Denied.

### Count III – Negligent Misrepresentation
### (All Defendants)

67. Defendants reallege their responses to paragraphs 1 through 57.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### Count IV – Professional Negligence
### (All Defendants)

73. Defendants reallege their responses to paragraphs 1 through 57.

74. Admitted that Plaintiff characterizes this count as a cause of action for professional negligence; otherwise, denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

### Count V – Negligent Supervision (Against Saxon Gilmore)

79. Defendants reallege their responses to paragraphs 1 through 57.

80. Admitted that Plaintiff characterizes this as a cause of action for negligent supervision; otherwise, denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This action is the product of a bad faith, unauthorized Chapter 11 proceeding and should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of intentional criminal misconduct by Plaintiff and/or third parties over whom Defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of reckless or otherwise improper conduct by Plaintiff and/or third parties over whom Defendants had no control.

### FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of negligence by Plaintiff and/or third parties over whom Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of *in pari delicto.*

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing all or part of this action pursuant to, *inter alia*, one or more of the doctrines of judicial estoppel, collateral estoppel, or *res judicata.*

## TENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff lacks standing to bring this action.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in because it is an unauthorized, *ultra vires* action by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of equitable estoppel.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial in this action.

s/Joseph H. Varner, III
Joseph H. Varner, III
Florida Bar No. 394904
joe.varner@hklaw.com
HOLLAND & KNIGHT LLP
P.O. Box 1288
Tampa, FL 33601-1288
(813) 227-8500
(813) 229-0134 (facsimile)
Attorneys for Saxon, Gilmore, Carraway,
& Gibbons, P.A. and Hans C. Beyer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:

Elizabeth A. Green, Esq.
Jennifer S. Eden, Esq.
Latham, Shuker, Eden & Beaudine, LLP
P.O. Box 3353
Orlando, FL 33602
*Attorneys for Debtor*

s/Joseph H. Varner, III
Attorney

# 8792474_v1 111882-2